OPINION
On March 4, 1999, appellee, the Delaware County Department of Job 
Family Services, filed a complaint for temporary custody of Charles "LB" Voorhies born February 20, 1989, alleging the child to be dependent. Mother of the child is appellant, Sherry Herdman; father is Brian Voorhies. An adjudicatory hearing was held on April 15, 1999 wherein both parents admitted the dependency allegation. The child was placed in appellee's temporary custody.
On October 18, 2000, appellee filed a motion for permanent custody. A hearing was held on January 2, 2001. By judgment entry filed January 10, 2001, the trial court awarded permanent custody of the child to appellee.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT ERRED IN AWARDING PERMANENT CUSTODY TO THE DELAWARE COUNTY DEPARTMENT OF JOBS AND FAMILY SERVICES IN THAT THE STATE FAILED TO SHOW BY CLEAR AND CONVINCING EVIDENCE THAT IT WAS IN THE BEST INTEREST OF THE CHILD TO GRANT PERMANENT CUSTODY TO THE DEPARTMENT.
 II THE TRIAL COURT ERRED IN FINDING THAT THE DELAWARE COUNTY DEPARTMENT OF JOBS AND FAMILY SERVICES MADE REASONABLE EFFORTS TO ELIMINATE THE CONTINUED REMOVAL OF THE CHILD AND TO REUNITE THE CHILD WITH ONE OR BOTH OF HIS PARENTS AS REQUIRED BY SECTION 2151.419(A)(1) ORC.
 I
Appellant claims the trial court erred in awarding permanent custody of the child to appellee. We disagree.
R.C. 2151.414(E) sets out the factors relevant to determining permanent custody. Said section states in pertinent part as follows:
 In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:
 Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties;
 Chronic mental illness, chronic emotional illness, mental retardation, physical disability, or chemical dependency of the parent that is so severe that it makes the parent unable to provide an adequate permanent home for the child at the present time and, as anticipated, within one year after the court holds the hearing pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353
of the Revised Code;
 The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child;
 The parent has placed the child at substantial risk of harm two or more times due to alcohol or drug abuse and has rejected treatment two or more times or refused to participate in further treatment two or more times after a case plan issued pursuant to section 2151.412 of the Revised Code requiring treatment of the parent was journalized as part of a dispositional order issued with respect to the child or an order was issued by any other court requiring treatment of the parent.
 (13) The parent is repeatedly incarcerated and the repeated incarceration prevents the parent from providing care for the child;
Any other factor the court considers relevant.
R.C. 2151.414(B) enables the court to grant permanent custody if the court determines by clear and convincing evidence that it is in the best interest of the child. R.C. 2151.414(D) sets out the factors relevant to determining the best interests of the child. Said section states relevant factors include, but are not limited to, the following:
 The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
 The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.
The case plan filed on May 17, 1999 and accepted by the trial court required appellant to cooperate with all the legal requirements regarding her two pending felony indictments (felonious assault and domestic violence), complete an anger management course, address her alcohol dependency, obtain stable housing and cooperate in independent and family counseling. T. at 125. Appellant's whereabouts were unknown at the time the case plan was prepared, but she was subsequently informed of the requirements. T. at 124, 140.
Subsequently, appellant was convicted of felonious assault and domestic violence and was placed on community control. T. at 91. One of the terms of appellant's probation stated she could not possess or consume alcohol. T. at 92. After testing positive for "alcohol-elicit drugs" on nine occasions, appellant's community control was terminated and she was placed in jail and later the River City Community Based Correctional Facility where she was at the time of the hearing. T. at 105-107, 109.[1]
Appellant has been diagnosed as "alcohol and polysubstance" dependent. T. at 68. She has attempted assessment and treatment four times but has never completed the courses. T. at 69-76.
Appellant has had numerous addresses during the twenty months the child was in appellee's temporary custody. T. at 133. Most of the residences were of short duration, including stays with relatives, the battered women's shelter, the jail and River City. T. at 133-134, 151. During the pendency of the case, appellant violated her probation, committed new offenses and went to jail. T. at 144, 175.
Appellant had many confrontations with her case worker, drank alcohol in front of the child while accompanying Mr. Voorhies on an unsupervised visit and failed to participate in team meetings. T. at 132, 137, 138-139. Appellant's last visitation with the child was three months prior to the hearing. T. at 54, 145.
In its judgment entry filed January 10, 2001, the trial court characterized the history of this case very accurately:
 The Court had status review hearings every three months to monitor services, compliance, needs of the parties, requests of the parties and while the parents had occasional periods of compliance, they continually relapsed and had criminal or probation violations throughout the case up to the permanent custody hearing and the permanent custody motion for which the mother has received CBCF placement for six months and the father is in jail awaiting CBCF or other sentencing for probation violations involving continued alcohol or other drug use.
The child, although bonded with his parents, is adoptable and amenable to adoption. T. at 142, 162.
Upon review, we find there was clear and convincing evidence to support the trial court's decision to grant permanent custody of the child to appellee.
Assignment of Error I is denied.
 II
Appellant claims appellee did not make reasonable efforts to reunite the parents with the child. We disagree.
As stated supra, the case plan had five major points. Appellant's absences from the county and her continued changes of residence and incarcerations negated any efficient case management. Appellee provided the avenue of services and transportation if requested, as well as supervised visitations. T. at 126, 130. Although the programs were attempted, appellant's own actions in not completing them was the reason for failure. Residential treatment for six months was conceded to be the last avenue. It is unfortunate that appellant did not find the right course until twenty-one months of custody had passed. Appellant cannot now shift the blame for "almost completed" programs on to appellee who offered the availability of the resources.
Assignment of Error II is denied.
The judgment of the Court of Common Pleas of Delaware County, Ohio, Juvenile Division is hereby affirmed.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Delaware County, Ohio, Juvenile Division is affirmed.
 __________ Farmer, J.
Edwards, P.J. and Boggins, J. concur.
[1] It was conceded that appellant needed residential treatment and River City has such treatment. T. at 84.